```
Charles M. Izzo, Attorney "CI-4691"
116 North 2nd Street - Suite 204
Camden, New Jersey  08102
(856)757-0550 [Fax (856)757-9071]
Attorney for the Debtor
```
---

United States Bankruptcy Court<br>
District of New Jersey, Camden Division

|  |  |
|---|---|
| In re: Talarisha Price | : |
|                 Debtor | : CERTIFICATION OF COUNSEL |
| Chapter 13 No. 13-28372 ABA | : |

---

I, Charles M. Izzo, an Attorney at law in New Jersey and the Attorney of record for the Debtor in this case hereby Certify to this Court as follows:

1. I am the Attorney for the Debtor in the above captioned Chapter 13 case who filed for bankruptcy protection in this Court on August 21, 2013.

2. On November 14, 29013 an Order was entered confirming the Debtor's Chapter 13 Plan. The said plan provides for full payment of rent arrears owed to mercer management on a rental residential property at <u>304 New Brooklyn-Erial Road</u>, Sicklerville, NJ.

5. On July 21, 2014 Mercer Management through its Bankruptcy Counsel, Saldutti, LLC, filed a "Motion for Relief as to Co-Debtor Pierre Lamont Harden, Sr." Pierre Lamont Harden, Sr. is the husband of the Debtor in this case.

7. The July 21, 2014 Motion for Relief was supported by a Certification of Mark Corcoran. The said Certification contained substantial misrepresented facts.

   a. The certification identifies Mr. Corcoran as an employee of Mercer Management. He is not an employee. Mr. Corcoran is the New Jersey Licensed Attorney who represented the movant in a Superior Court action for summary dispossession LT-6562-13 Camden County (7/25/13) against the Debtor that was stayed by this Bankruptcy.

   b. The certification (para. 5) indicates that the Debtor and the co-debtor signed a "note" payable to Mercer Management. This is a misrepresentation.

   c. The certification (para. 5) states that the Debtor neither listed this Creditor in her petition or provided for payment to Mercer Management in her plan. These statements are also false.

   d. The certification quotes a "payoff" due in the amount of $3,941.36. This is a misrepresentation since the parties signed no note or loan papers. The Debtor signed only a residential lease contract.

8. The Debtor was required to retain my services to Answer the July 21, 2014 motion because she did not understand the procedure for doing so or the legal basis for the appli8catrion for stay relief. A written Opposition to the Motion was

executed by the Debtor and filed with the Court by the undersigned Counsel on July 30, 2014.

10. A hearing was held on August 19, 2014 at which time and place the moving party did not appear to prosecute the motion.

11. Debtor's Attorney did appear for the August 19, 2014 hearing at which time the motion was denied for reasons set forth on the record.

12. Moving party thereafter chose to disregard LBR 9013-1, which

provides: *Motion for Reconsideration.* **A motion for reconsideration shall be filed within 14 days of the entry of the Court's order or judgment on the original motion. The motion shall be filed with a memorandum setting forth concisely the matters or controlling decisions which the movant believes constitute cause for reconsideration. A timely motion for reconsideration shall be deemed to be a motion under Fed. R. Bankr. P. 8002(b).**

13. On August 27, 2014 the movant filed an identical motion to the one that was previously denied by the Court on the record on August 19, 2014.

14. The new motion was supported by the same certification discussed in paragraph 7 above. The certification was re-dated and the "payoff" was increased. No new grounds or facts were presented to the Court. None of the defects in the first motion were corrected.

15. The Debtor was required to Answer the new motion in writing and arrange for undersigned counsel to appear again in bankruptcy

Court to re-argue her opposition to it. An opposition was prepared, signed and filed on September 17, 2014.

16. The arguments were heard by the Court on September 23, 2014 at which time the motion was denied for the same reasons set forth on the record on August 19th.

17. The local practice form 13 establishes $400.00 as a reasonable legal fee for defending a motion on behalf of the Debtor and $500.00 as a reasonable legal fee for prosecuting this motion

18. Rule 9011(b) provides: **By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,**

    **1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;**

    **(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;**

    **(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and**

    **(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.**

**(c) SANCTIONS. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.**

**(2) *Nature of Sanction; Limitations.* A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct ….., or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.**

19. In the circumstances described it would be unjust to impose these extra fees and expenses on the Debtor who did nothing to cause or require the filing of these unwarranted papers in her case. As a minimum accommodation, the fees that she did incur on both of these motions should be absorbed by the party who failed to take notice of the basic requirements of Rule 9011.

I make these statements being aware that I am subject to punishment for any willful untruths.


9/23/14                                    /s/Charles M. Izzo